JOINER, Judge,
concurring specially.
I concur fully in the main opinion. I write separately to emphasize that this Court expresses no opinion on Rule 18.4(g)(1), Ala. R.Crim. P., because, as the main opinion correctly holds, Peak’s argument based on Rule 18.4(g)(1) is not properly before this Court. Had Peak made a proper objection based on Rule 18.4(g)(1) and had he then properly presented that objection for appellate review, this Court would be faced with a much different question.
I also think the unusual circumstances of this case limit the holding of the main opinion to the specific facts presented here. In particular, after charging the jury, the circuit court instructed Juror J.G. that she not talk to anyone about the case “until tomorrow midmorning.” The circuit court requested Juror J.G.’s telephone number so that she could be contacted if she needed to be called back for service on the jury. The next day, once it became apparent that Juror A.D. should be excused from the jury, the circuit court instructed the bailiff to contact Juror J.G. and ask if she could return to serve on the jury. After Juror J.G. returned, the circuit court determined that Juror J.G. had followed its instructions, and “Juror J.G. assured the court that she ... had not discussed the case, other than to tell her husband that it was a serious case, and that it did not bother her to not have to sit on the jury.” 106 So.3d at 913. The circuit court then instructed the jury to disregard its previous deliberations and begin its deliberations anew with Juror J.G. Thus, the circuit court’s actions in this case were consistent with the following procedure described in Lloyd Noland Hospital v. Durham, 906 So.2d 157, 167 (Ala.2005):
“Should a judge decide, in his or her discretion, to allow an alternate juror to substitute for a regular juror during deliberations, the court should ‘conduct a careful voir dire of the alternate to determine if he has been subject to any impermissible outside influence and can still make a fair decision.’ [Jon D. Ehlinger, Substitution of Alternate Jurors During Deliberations: Constitutional and Procedural Considerations, 57 Notre Dame Law. 137, 161 (1981).] Additionally, ‘[t]he court should further instruct the regular jurors to begin deliberations anew, or to summarize to the alternate juror the extent of the deliberations to that point.’ Id. at 164.”
Had the circuit court’s actions in the case before us not been consistent with that procedure, I am not persuaded that the outcome should necessarily be the same as that reached today.
Finally, as noted in Lloyd Noland, 906 So.2d at 167, Rule 24(c), Fed.R.Crim.P., includes a provision authorizing trial courts to retain alternate jurors after the jury retires to deliberate. The Committee Comments to Rule 18.4, Ala. R.Crim. P., state that Rule 18.4(g), Ala. R.Crim. P., was adopted “to rectify the prior time-consuming practice which required that the trial be stopped completely and a new *923 jury empaneled if a juror became incapacitated by illness or had to be discharged for any other valid reason.” Given that stated purpose of Rule 18.4(g), I suggest that the Alabama Supreme Court consider changing the last part of Rule 18.4(g)(1), Ala. R.Crim. P., which provides that “[a]n alternate juror who does not replace a principal juror shall be discharged at the time the jury retires to consider its verdict,” to include a provision for retaining alternate jurors similar to the provision found in Rule 24(c)(3), Fed.R.Crim.P.